## SMITH v. DIXON.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. BILLS AND NOTES (§ 99*)—WHAT LAW GOVERNS.
    A note, signed in one state and negotiated in another, where the maker procured it to be sent for negotiation, is governed by the laws of the latter state.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 213; Dec. Dig. § 99.*]

2. TRIAL (§ 146*)—WITHDRAWAL OF JUROR —DISCRETION OF COURT.
    Denial of defendant's motion to withdraw a juror and for leave to apply to Special Term, to amend the answer, to set up matters not constituting a defense, is not an abuse of discretion.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 329; Dec. Dig. § 146.*]

Appeal from Trial Term, New York County.

Action by William T. Smith against Samuel Dixon. From a judgment for plaintiff, entered on a directed verdict, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Horace L. Cheyney, of New York City, for appellant.
Edward P. Lyon, of New York City, for respondent.

MILLER, J. [1] This is a suit upon five promissory notes, made by the defendant to his own order, indorsed by him, and before maturity delivered to the plaintiff's assignor. The notes were signed by the defendant in West Virginia, and, with certain stock collateral,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

were sent to Boston to be negotiated, for the purpose of paying the defendant's subscriptions to the capital stock of a corporation of which he was president. The notes were made without interest, but the principal sum included an amount for interest equal to the amount of dividends then being paid on the preferred stock, pledged as security, which amounted to $8\,^4/_{10}$ per cent. on the sum required to pay the defendant's subscriptions. It is claimed that, pursuant to certain provisions of the laws of West Virginia, which were put in evidence, the notes are void as to any excess of interest above 6 per cent. We do not deem it necessary to decide whether the agreement was one to pay interest in excess of 6 per cent., or whether the defendant failed to prove that the case was not within the exception of the statute, for the reason that we are of the opinion that the case is governed by the laws of Massachusetts. The note was negotiated in Boston, where the defendant procured it to be sent for the purpose of having it negotiated. The fact that he signed it in West Virginia is of no consequence. It had its inception in Boston. Tilden v. Blair, 21 Wall. 241, 22 L. Ed. 632; Hooley v Talcott, 129 App. Div. 233, 113 N. Y. Supp. 820.

[2] It was not an abuse of discretion to deny the defendant's motion to withdraw a juror and for leave to apply to Special Term to amend the answer, for the purpose of setting up matters which did not constitute a defense, even if there were no other reasons for denying the motion.

The judgment should be affirmed, with costs. All concur.